## THE FRANCESCO FELIZ.[1]

### *(District Court, E. D. New York.* May 5, 1885.

ADMIRALTY—APPEAL—PAYMENT OUT OF COURT—FAILURE TO OBJECT TO FORM OF DECREE.

A decree directing the payment out of the proceeds of the sale of a vessel in the registry of the court of various amounts to different petitioners was entered on notice, omitting the words "unless an appeal be taken within ten days," and the money was paid out of court by the clerk four days after the decree was entered. A claimant against the fund, to whom notice of the settlement of the decree had been given, but who had not appeared or objected on the settlement, thereupon made a motion for the repayment into court of the money thus paid out, on the ground that the payment was made before the time for appeal had expired. *Held,* that as to sums directed to be paid to seamen for wages less than $50 there was no right of appeal; and as to other sums, by omitting to object to the form of the decree, the parties must be deemed to have assented to immediate payment; and they must be supposed to have relied on their right to recover them back in case of reversal on appeal, or to have acted on the belief that no appeal existed; and the motion was denied.

In Admiralty. Motion for repayment of money into court.

*Martin & Smith,* for the master and seamen, petitioners, and G. Amsinck, the Portuguese consul.

[1] Reported by R. D. & Wyllys Benedict, Esqs., of the New York bar.

*Jas. K. Hill, Wing & Shoudy,* for H. W. O. Edye and another, petitioners.

*Treadwell Cleveland,* for the Brooklyn Sugar Refining Co., for the motion.

BENEDICT, J. The first of the above-named proceedings was instituted by the master, mate, and seaman of the brig Francesco Feliz to have the amount of their wages earned on board said brig ascertained and paid out of the proceeds in the registry arising from the sale of that vessel by the marshal in pursuance of a *venditioni exponas,* issued in an action brought against that vessel by certain salvors.

The second of the above-named proceedings was instituted by the Portuguese consul to obtain payment to him out of the proceeds of moneys advanced by him for the board of the crew of the vessel, and the expenses of returning them to their native country, where they had been shipped.

The proceeds of the vessel being in the registry, upon the filing of these petitions, and upon motion of the petitioners, a reference was ordered to take the testimony upon the allegations of the petitioners, notice of which reference was directed to be given to all parties who had filed libels against the said brig. Upon such notice given to the proctors of the Brooklyn Sugar Refining Company, who had filed a libel against the vessel to recover damages for breach of a contract of affreightment, among others, the reference proceeded; and the commissioner reported in respect to the claims of the master, mate, and seven seamen the amount of wages due them respectively, with the opinion that the claims were liens upon the proceeds. The amount reported due the master, and the amount reported due the mate, exceeded $50. No sum found due any seaman exceeded $50.

No answer to either of said petitions was filed, nor were any exceptions filed to the report of the commissioner, and thereupon the petitioners applied to the court upon the petitions and the testimony reported by the commissioner, and upon notice to all parties having libels against the brig, for an adjustment of the priority of respective claims pending against the vessel, and for an order directing the payment to the petitioners out of the proceeds of the vessel of the several sums reported due by the commissioner. Upon this motion, after repeated adjournments thereof, upon the application of the Brooklyn Sugar Refining Company, various parties were heard in opposition thereto, and among others the Brooklyn Sugar Refining Company. Upon such motion, a decision[1] was thereafter announced favorable to

---

[1] The decision of the court settling the priority of the claims was rendered on March 10, 1885, and was as follows, (the claim of Edye and another being for sums paid for pilotage, towage, and watching of the salved vessel:)

BENEDICT, J. I am of the opinion that the proceeds of the sale of the above-named vessel, now in court, so far as the same are sufficient therefor, may be applied to the payment of the claims of the above-named petitioners in the following

the petitioners; and thereupon application was made by them, upon notice to the parties who had contested the motion, for a decree in accordance therewith, such application being founded upon the proceedings, the opinion of the court, and a copy of the decree proposed to be entered. To the entry of the decree thus proposed all parties consented except the Brooklyn Sugar Refining Company, for whom, however, no one appeared at the time and place mentioned in the notice of settlement of the decree. A notice of settlement for another day was then given to the Brooklyn Sugar Refining Company for the settlement of the decree; at which time, no one appearing, and no objection having been made to the form of the decree as proposed, the decree as proposed was signed by the judge. This decree, among other things, directed the clerk to pay the master, mate, and seamen out of the proceeds of the brig the amounts of the wages reported due them, and omitted the words "unless an appeal be taken within ten days," usual in decrees where the amount awarded exceeds $50. Thereafter the costs of the petitioners were taxed, upon notice to all the parties having libels against the brig, at which taxation the Brooklyn Sugar Refining Company did not appear. Thereafter, and four days after the entry of the decree, the clerk paid to the proctor for the petitioners out of the proceeds in court the amount directed by the decree; and now, after, as appears, the money had been paid over to the Portuguese consul by the proctor receiving the same, the Brooklyn Sugar Refining Company applies for an order directing the repayment into the registry of the sums so paid, upon the ground that the payment was premature, because made before the expiration of 10 days from the entry of the decree, and before the time for taking an appeal from the decree had expired.

The motion cannot be granted. So far as the decree directed the payment of the sums awarded the seamen, there was no right of appeal, for no sum exceeds $50. In respect to the other sums awarded, by omitting to object to the form of the decree, under the circumstances, the parties must be deemed to have assented to the immediate payment of the money. They must be supposed to have intended to rely upon their right to recover it back in case of reversal on appeal, or to have acted upon the belief that no right of appeal existed,—a belief not without foundation, as it seems to me. Motion denied.

order: *First*. The claim of the Portuguese consul for moneys paid to support the crew and send them home, together with the costs of the petition; *second*, the wages of the crew, according to their petition, together with the costs of the petition; *third*, the sums paid by Henry W. O. Edye and another, according to their petition, together with the costs of their petition.